UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEMONS,

    Plaintiff/Garnishor,

v.                                                Case No. 12-11474

MIKOCEM, LLC,

    Defendant,

v.

FEDERAL INSURANCE CO.,

    Garnishee.
                                                                    /

**OPINION AND ORDER GRANTING
GARNISHEE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff John Lemons seeks to enforce his state-court judgment against Defendant Mikocem LLC ("Mikocem") by garnishing the proceeds of an insurance policy that Garnishee Federal Insurance Company ("Federal") issued to Indian Nation LLC ("Indian Nation"), Mikocem's parent company. After being served with the state court's writ of garnishment, Garnishee removed the case to this court and moved for summary judgment. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). Because Plaintiff's Claim is not covered by the Policy, Garnishee's motion for summary judgment will be granted.

**I. BACKGROUND**

Indian Nation and its affiliates, including Mikocem, operated cemeteries and funeral homes throughout Michigan and Tennessee. (*Id.* at Pg ID 207.) Federal issued

Policy No. 6802-5828 (the "Policy") to Indian Nation. (Dkt. # 21 at Pg ID 209.) As a subsidiary of Indian Nation, Mikocem was insured under the Policy. (Dkt. # 22 at Pg ID 422.) This "claims-made"[1] policy was effective from April 20, 2005 to April 20, 2006. (Dkt. # 21 at Pg ID 209.) The "Policy Period" was later extended through October 20, 2006. (*Id.*) On October 19, 2006, Federal received a letter from a former co-owner of Indian Nation, Clayton Smart, which stated:

> As you are aware Chubb[2] has elected not to renew our officers and directors policy because they Googled our company and found the news paper [sic] articles referring to the funds being invested improperly according to the state. Since Chubb has chosen to non renew [sic] our account please let this serve as notice of an "incident" or "claim" to protect our rights under the policy. At this time no formal demands have been made against the company, however if there are any formal demands they will promptly be forwarded to Chubb when they are received.

(*Id.* at Pg ID 306.) Federal later learned of seven lawsuits filed against Tennessee affiliates of Indian Nation, five of which were filed during the "Policy Period." (*Id.* at Pg ID 212.)

Smart and Stephen Smith, Indian Nation's other co-owner, are now imprisoned for fraud in connection with the operation of their cemeteries and funeral homes. (*Id.*) Mikocem was placed in conservatorship in December 2006 and litigation outside of the conservatorship was stayed. (Dkt. # 22 at Pg ID 667.) Plaintiff, a former employee of

---

[1] "According to the Michigan Supreme Court, a 'discovery' or 'claims made' policy is one in which indemnity is provided no matter when the alleged error or omission or act of negligence occurred, provided the misdeed complained of is discovered and the claim for indemnity is *made* against the insurer during the policy period." *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 713 (E.D. Mich. 2002) (citing *Stine v. Continental Casualty Co.*, 349 N.W.2d 127, 130 (1984)).

[2] Federal uses "Chubb Group" as a trade name, but it is not a separate legal entity. *Warren v. Fed. Ins. Co.*, 358 F. App'x 670, 671 n.1 (6th Cir. 2009).

2

Mikocem, brought suit in 2007 alleging wrongful termination of his employment prior to the inception of the conservatorship. (*Id.*)

An order lifting the litigation stay was entered in November 2009. (Dkt. # 21 at pg ID 382.) The order states that the conservator of Mikocem "shall not be subject to any liability on the basis of a failure to defend any of the above-referenced matters." (*Id.* at 383.) The list of matters includes the instant case. (*Id.*) The order continues: "to the extent any judgment is entered in any of the above-referenced matters, the Plaintiffs in those matters, as well as their counsel, heirs, agents or assigns, are barred from executing or seeking to execute on such a judgment against Midwest Memorial Group, LLC." (*Id.* at 384.)

Plaintiff obtained a state court judgment, and the state court then issued him a writ of garnishment. (Dkt. # 1 at Pg ID 1.) After Garnishee was served with the writ, it timely removed the case on the basis of diversity jurisdiction. (*Id.*)

## II. STANDARD

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)

(citing *Matsushita v. Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Summary judgment, therefore, is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material. A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III. DISCUSSION

Plaintiff can recover against Federal, if Mikocem could recover against Federal. *See W. Am. Ins. Co. v. Meridian Mut. Ins. Co.*, 583 N.W.2d 548, 552 (1998) ("A subrogee's right to recover from a garnishee defendant in a garnishment action is dependent on the principal defendant's right to recover from the garnishee defendant."); *Hawthorne v. Lincoln Gen. Ins. Co.*, No. 08-14538, 2009 WL 2885095, at *2 (E.D. Mich. Sept. 3, 2009) ("In general, the plaintiff may not recover against a garnishee defendant unless the principal defendant has a right to recovery.").

Construction and interpretation of an insurance contract is a question of law for the court. *Ann Arbor Pub. Sch. v. Diamond State Ins. Co.*, 236 F. App'x 163, 165 (6th Cir. 2007) (citing *Henderson v. State Farm Fire & Cas. Co.*, 596 N.W.2d 190, 193 (1999)). In Michigan, a court "look[s] at the language of the insurance policy and interpret[s] its terms in accordance with the principles of contract construction." *Allstate Ins. Co. v. Muszynski*, 655 N.W.2d 260, 261-62 (2002). If the court determines that an

4

insurance contract is unambiguous, "it is enforced as written in accordance with its terms." *Id.*

Garnishee argues that it is entitled to summary judgement because the Policy does not cover Plaintiff's underlying action. Specifically, it argues that Plaintiff's default judgment does not constitute "Loss," and is not an "Employment Claim" first made during the "Policy Period." Plaintiff counters both arguments, and adds, in the alternative, that the Tennessee lawsuits are Claims that were filed during the "Policy Period" and are "Related Claims" to Plaintiff's underlying action.

### A. Loss

The insuring clause in the Employment Practices Liability Coverage section states:

> The Company shall pay Loss on behalf of the Insureds resulting from any Employment Claim first made against such Insureds during the Policy Period, or any applicable the [sic] Extended Reporting Period, for Wrongful Acts.

(Dkt. # 21 at Pg ID 272.) "Loss" is defined as "the total amount which any Insured becomes legally obligated to pay." (*Id.* at Pg ID 274.) Federal contends that Plaintiff's judgment does not constitute "Loss" because "Loss" excludes "any amount for which an insured organization . . . is absolved from payment by reason of any covenant, agreement . . . or court order. (*Id.*) The court does not agree. As Plaintiff accurately states, "Nowhere in the Order is there any language that says that Mikocem, LLC is absolved from liability." (Dkt. # 22 at Pg ID 432.)

### B. Employment Claims First Made Within the Policy

The "Policy Period" ended on October 20, 2006. (Dkt. # 21 at Pg ID 209.) Plaintiff filed suit on April 24, 2007. (*Id.* at 220.) Plaintiff argues that the October 19,

5

2006 correspondence preserved coverage for future "Employment Claims." The relevant reporting provision states:

> If during the Policy Period, or any applicable Extended Reporting Period, an Insured becomes aware of a Potential Employment Claim or Potential Third Party Claim which could give rise to any Employment Claim or Third Party Claim (as such terms are defined in the Employment Practices Liability Coverage Section) *or becomes aware of circumstances which could give rise to any Claim, other than an Employment Claim or a Third Party Claim (as such terms are defined in the Employment Practices Liability Coverage Section)*, and gives written notice of such Potential Employment Claim, Potential Third Party Claim or circumstances to the Company as soon as practicable thereafter but before the expiration or cancelation [sic] of this Policy, then any Claim subsequently arising from such Potential Employment Claim, Potential Third Party Claim or circumstances shall be considered to have been made against the Insured during the Policy Year in which the Potential Employment Claim, Potential Third Party Claim or circumstances were first reported to the Company.

(*Id.* at Pg ID 241 (emphasis added).)

Citing this reporting provision, Plaintiff argues that Smart's October 19, 2006 letter provided Federal with notice of "circumstances which could give rise any [sic] claim." (Dkt. # 22 at Pg ID 436.) However, Plaintiff excludes the qualification found in the next clause. The clause Plaintiff cites, together with the subsequent clause, states: "circumstances which could give rise to any Claim, *other than an Employment Claim or a Third Party Claim*." (Dkt. # 21 at Pg ID 241.) Therefore, the recording provision limits the use of notice "of circumstances" to preserve coverage for a "Claim, *other than an Employment Claim.*" (*Id.*) Here, Plaintiff's Claim is an Employment Claim. Accordingly, a notice of circumstances is insufficient to preserve coverage.

Referring to the identical reporting provision with respect to a Directors and Officers Claim, the Sixth Circuit stated, "[t]he policy provisions on notice and reporting assure that Federal Insurance has the necessary information to evaluate whether

coverage is warranted when a policyholder makes a claim." *Warren*, 358 F. App'x at 675. *Warren* held that the insured did not provide adequate notice of a potential claim where it merely advised Federal that an investigation was underway and might lead to Claims against an insured because the insured had not provided "actual notice of a . . . Claim . . . as required under the policy." *Id.*

Finally, the court notes that the parenthetical, "(as such terms are defined in the Employment Practices Liability Coverage Section)" does not impact the Policy's construction. (Dkt. # 21 at Pg ID 241.) The two relevant clauses, together with the subsequent parenthetical, state: "or becomes aware of circumstances which could give rise to any Claim, other than an Employment Claim or a Third Party Claim (as such terms are defined in the Employment Practices Liability Coverage Section)." (*Id.*) "Claim" is defined as "any Employment Claim and any Third Party Claim." (*Id.* at 272.) In effect, notice of "circumstances" would be insufficient notice for any type of claim.

### C. The Tennessee Lawsuits

Plaintiff argues, in the alternative, that the Tennessee lawsuits filed during the "Policy Period" are "Related Claims" to the underlying action in the instant case. "Related Claims" are "all Claims for Wrongful Acts based upon, arising from, or in consequence of the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events." (Dkt. # 21 at Pg ID 238.)

In support of this argument, Plaintiff first cites Federal's letter disclaiming coverage for the underlying action. But in this letter, Federal explained that in the underlying case, unlike the Tennessee lawsuits, Plaintiff alleged that he was terminated

in retaliation for raising concerns that Mikocem was mishandling endowment care trust funds in violation of Michigan law. (Dkt. # 22 at Pg ID 699.) Federal concluded that the underlying action "does not relate back to a Claim first made during the Policy Period." (*Id.*) Plaintiff next argues that Federal's complaint in its declaratory judgment action, *Fed. Ins. Co. v. Smart, et al.*, Case No. 07-12865 (E.D. Mich 2007), links the underlying action to the Tennessee lawsuits. However, the declaratory judgment action does not mention the underlying actions, thus no linkage is possible. Finally, Plaintiff cites statements from Federal's claim handler as evidence that Federal has linked the underlying action to the Tennessee lawsuits. However, as Federal points out, the underlying action had yet to be filed when the cited statements were made. (Dkt. # 26 at Pg ID 756.) Furthermore, the claims handler testified that Federal had not made a determination regarding coverage of *any* Claim. (*Id.*)

Plaintiff concludes by briefly mentioning an unpublished district court opinion from another circuit, *Fed. Ins. Co. V. Illinois Funeral Director's Ass'n*, No. 09-C-634, 2010 U.S. Dist. Lexis 129747 (N.D. Ill. December 8, 2010), where the court broadly interpreted the same "Related Claims" provision. However, Plaintiff has failed to explain why the underlying action is related to the Tennessee suits. Plaintiff has simply concluded, "it is clear that both the Tennessee lawsuits and these claims were related to Clayton Smart's mishandling of the claims." However, "[c]onclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).

The Policy does not cover Plaintiff's underlying action.  Accordingly, Garnishee is entitled to summary judgment.

### IV.  CONCLUSION

IT IS ORDERED that Garnishee's motion for summary judgment [Dkt. # 21] is GRANTED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  September 19, 2013


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 19, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner

      Case Manager and Deputy Clerk
      (313) 234-5522