**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN LEMONS,

      Plaintiff/Garnishor,

v.                                      Case No. 12-11474

MIKOCEM, LLC,

      Defendant,

v.

FEDERAL INSURANCE CO.,

      Garnishee.

                                               /

**ORDER AND OPINION DENYING PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

On October 3, 2013, Plaintiff John Lemons moved for reconsideration of the court's September 19, 2013 order and opinion granting summary judgment in favor of Garnishee Federal Insurance Company ("Federal").

A motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Plaintiff alleges that "Defendant misled this court into thinking that the fact the instant lawsuit has not been filed by some certain time in the past, was dispositive of

this case. . . .[T]he issue relative to the Tennessee lawsuits was whether or not this claim related to the Tennessee Lawsuits."  (Pg. ID # 796.)  The court was not misled.

In his response, Plaintiff contended that the Tennessee lawsuits filed during the "Policy Period" were "Related Claims" to the underlying action.  To support his contention, Plaintiff cited statements from Federal's claim handler as evidence that Federal had linked the underlying action to the Tennessee lawsuits.  The court noted that *at the time* the claim handler made such statements, "the underlying action had yet to be filed."  (Pg. ID # 782.)  Thus, the court reasoned that Federal could not possibly have linked the underlying action to the Tennessee lawsuits.  Put differently, how could Federal connect a present occurrence to something yet to happen?  Regardless, the court notes that in its opinion, it concluded, "Plaintiff has failed to explain why the underlying action is related to the Tennessee suits."

Plaintiff's motion for reconsideration fails to demonstrate a palpable defect in the court's September 19, 2013 order and opinion granting summary judgment in favor of Federal.

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 30] is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 24, 2013

2

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-11474.Mikocem.DenyMreconsideration.wpd